March 5, 1906.

———o———

No. 3827.

Court of Appeal, Parish of Orleans.

THE FRANCIS MARTIN COMPANY LIMITED vs.

KINLER BROS.

Plaintiff having alleged itself to be the **holder and owner** of a promissory note, although the same is not endorsed by the payee, the allegation sufficiently implies the transfer of the note, discloses a cause of action, and entitles plaintiffs to be heard on the merits.

Appeal from 28th Judicial District Court, Parish of St. Charles.

H. Kenner, for Plaintiff and Appellant.

L. H. Marrero, Jr., for Defendant and Appellee.

ESTOPINAL, J. The firm of Martin Davis & Company, Limited, took defendants' note made payable to its own order. Subsequently the firm was reorganized and its name changed to Francis Martin Company, Limited, and the firm is plaintiff here, suing on defendant's note which came to it from the old firm. Plaintiff alleges that it is the *holder* and *owner* of the note sued on, and that the payee on the note and the plaintiff are identical, under different names.

The case is before us on an appeal from the judgment sustaining an exception of no cause of action.

In support of their exception of no cause of action defendants urge: "that inasmuch as the note is made payable to the order of Martin Davie & Company, Limited, and not endorsed by said payee, that the note sued on is not a negotiable instrument."

We are of opinion that the lower Court erred in disposing of the case on the exception of no cause of action. If it were so that the only way of transferring a note was by endorsement, then, in that event, the note sued on here not being endorsed, the exception could successfully be invoked, but where, as in the case at bar, the plaintiff alleges that it is the *holder* and *owner* of the note, and, for the purpose of the exception the allegations of its petition being taken as true, it is certainly entitled to show how and in what manner it acquired ownership. This can only be done on the evidence on the merits.

This view is sustained in James vs. Elliot, P. 1009, 2 A., the Supreme Court saying:

"This is an action against the maker of a promissory note brought by the plaintiff, *who charges that he is the holder and owner of it. It is not endorsed by the payee.* On the trial of the cause the plaintiff offered to prove his ownership of the note by a notarial act of transfer and subrogation made by the payee to him. The Judge refused to receive this evidence on the ground *that there was no allegation in the petition of any transfer of the note,* and non-suited the plaintiff, who has appealed. The allegation of ownership sufficiently implies the transfer of the note to the plaintiff. We are of opinion the Judge erred in refusing to admit the evidence offered."

Therefore, we have it, that where plaintiff has alleged itself to be the *holder* and *owner* of a note, not endorsed by the payee, the holder is certainly vested with the right to sue thereon in its own name.

Plaintiff is not estopped from showing the source of its title because of failure to allege its character, and is entitled to have its rights determined on the evidence on the merits.

240

It is therefore ordered, adjudged and decreed, that this judgment appealed from be avoided and reversed; that the exception of no cause of action be now overruled and that the case be now remanded to the lower Court to be proceeded with according to law, appellee to pay costs of Court.